**UNITED STATES of America, Appellee,**

v.

**James I. FREEMAN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Larry Lee BASS, Appellant.**

**Nos. 86–1694, 86–1739.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1986.

Decided Jan. 8, 1987.
Certiorari Denied March 9, 1987.
See 107 S.Ct. 1384.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

Patrick Harris, Little Rock, Ark., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

James I. Freeman and Larry Lee Bass (defendants) appeal the district court's [1] order denying their motions to dismiss the indictments in this 18 U.S.C. § 2251 (child pornography) case. The district court accepted conditional guilty pleas and this appeal followed. We affirm.

## BACKGROUND

In July 1985 Bass and Freeman made a sexually explicit video recording of Bass' sixteen-year-old pregnant daughter. The film shows the girl in various stages of undress and includes close up shots of her genitals. On two separate occasions the film was sent through the mail and on April 21, 1986 Bass and Freeman were indicted for violating the Child Protection Act of 1984, 18 U.S.C. § 2251 *et seq.* (Supp. 1984) (the Act). Their motion to dismiss the indictment on the grounds that the Act is unconstitutional was denied and in May 1986 they pleaded guilty to violating 18 U.S.C. § 2251(a) on the condition that they could challenge the constitutionality of the Act on appeal. Bass was sentenced to seven years and Freeman to six years imprisonment.

## DISCUSSION

■ 18 U.S.C. § 2251(a) provides:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (c), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has

actually been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2255 provides in part:

For the purposes of this chapter, the term—

(1) 'minor' means any person under the age of eighteen years;

(2) 'sexually explicit conduct' means actual or simulated—

\*     \*     \*     \*     \*     \*

(E) lascivious exhibition of the genitals or pubic area of any person.

\*     \*     \*     \*     \*     \*

On appeal defendants argue that the *Miller* obscenity standard should apply to the Act, that "lascivious exhibition of the genitals" is vague, and that the definition of minor is arbitrary and irrational. We disagree.

In 1977 Congress enacted the "Protection of Children Against Sexual Exploitation Act of 1977." [2] This Act required proof that the child pornography meet the test for obscenity announced in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). However, in 1984, in response to the Supreme Court's decision in *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), the Act was amended and the obscenity requirement was eliminated. *See* H.R.Rep. No. 98–536, 98th Cong., 2d Sess. 2, 7, *reprinted in* 1984 U.S.Code Cong. & Admin.News 492, 493, 498.

At issue in *Ferber* was a New York statute prohibiting persons from knowingly promoting sexual performances by children under the age of sixteen by distributing material depicting the performances. The statute, however, did not require proof of obscenity as an element of the crime. The Supreme Court found that the state's compelling interest in protecting children from sexual abuse would be severely hampered if the *Miller* obscenity standard were applied to child pornography. For example,

---

**1.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

**2.** In 1984 the title was changed to the "Child Protection Act of 1984."

the Court found that whether a work, taken as a whole, has any serious literary, artistic, political, or scientific value is irrelevant to the child who was sexually abused during its making. Likewise, whether the work "appeals to the prurient interest of the average person bears no connection to the issue of whether a child has been physically or psychologically harmed in the production of the work." *Ferber*, 458 U.S. at 761, 102 S.Ct. at 3356. Whereas obscenity laws are designed to protect the unwilling recipients from offensive sexual depictions, *see Miller*, 413 U.S. at 18–19, 93 S.Ct. at 2611–12, child pornography laws also seek to protect innocent children from sexual exploitation and its potentially permanent psychological and physical effects.[3] Recognizing that states have compelling interests in protecting children from sexual abuse, the Court held that visual depictions of sexual conduct of children are not protected by the First Amendment. In response to *Ferber* and in order to broaden the Act's coverage, Congress deleted the obscenity requirement in the 1984 amendments. Consequently, defendants miss the mark when they argue that they cannot be prosecuted because the video tape is not obscene.

Defendants also argue that "lascivious exhibition of the genitals" is unconstitutionally vague. Prior to the 1984 amendments the Act referred to "lewd exhibition[s]" rather than "lascivious exhibition[s]." Congress made the change because historically, lewd has been equated with obscenity and Congress wanted to "make it clear than an exhibition of a child's genitals does not have to meet the obscenity standard to be unlawful." 130 Cong.Rec. S 3510, S 3511 (daily ed. March 30, 1984) (statement of Rep. Specter).

It is axiomatic that criminal statutes must be drafted with specificity sufficient to give a reasonable person notice that the acts contemplated are illegal. *See Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct.

1855, 1858, 75 L.Ed.2d 903 (1983). This is particularly true when First Amendment rights are involved. *See Smith v. Goguen*, 415 U.S. 566, 573, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605 (1974) ("Where a statute's literal scope, unaided by a narrowing state court interpretation, is capable of reaching expression sheltered by the First Amendment, the doctrine demands a greater degree of specificity than in other contexts."). However, this does not mean that comprehensive definitions must appear in every criminal statute. The Supreme Court has consistently held that lack of precision, alone, does not violate due process. *See Roth v. United States*, 354 U.S. 476, 491, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498 (1957) "' * * * [T]he Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * '" *Roth*, 354 U.S. at 491, 77 S.Ct. at 1312 (quoting *United States v. Petrillo*, 332 U.S. 1, 7–8, 67 S.Ct. 1538, 1541–42, 91 L.Ed. 1877 (1947)).

Hence, the question in the present case is whether the term "lascivious exhibition of the genitals" reasonably gave Freeman and Bass notice that it was illegal to video tape a sixteen year old girl, wearing nothing but a see-through orange scarf, and to zoom in for close up shots of her genitals. We fail to see how men of reasonable intelligence, guided by common understanding and practices, would believe that such conduct is permissible.

▇ Defendants also argue that the Child Protection Act is unconstitutional because it defines "minor" as one under eighteen years of age, whereas Arkansas law defines "child" ("minor") as one under sixteen years of age. Ark.Stat.Ann. § 41–4202 (Supp.1985). Since the girl photographed in this case was sixteen years old,

---

**3.** The Supreme Court noted that the psychological wounds caused by child pornography are often not allowed to heal because the victims know that permanent recordings of their conduct are circulating in the child pornography distribution system. *Ferber*, 458 U.S. at 759, 102 S.Ct. at 3355.

defendants argue, it violates equal protection to prosecute them under federal law for acts that were legal under state law. This argument fails for two reasons.

In *Smith v. United States*, 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977), the petitioner argued that the federal obscenity statutes nullified Iowa's more lenient laws by prohibiting what was legal under state law. The Court rejected this argument stating that the "State's right to abolish all regulation of obscene material does not create a correlative right to force the Federal Government to allow the mails or the channels of interstate or foreign commerce to be used for the purpose of sending obscene material into the permissive State." *Id.* at 307, 97 S.Ct. at 1767. Accordingly, Arkansas' decision to define minor as one under the age of sixteen in no way requires the federal government to follow suit.

■ Defendants equal protection argument also fails because, having already found that child pornography is not protected by the First Amendment, we must only find that Congress' definition of minor bears a rational relationship to a legitimate governmental interest.

Prior to the 1984 amendments Congress defined minor as any person under the age of sixteen years. This definition, however, created enforcement problems because in many cases the child was not available to testify at trial as to his or her age at the time the photographs were taken. Consequently, unless the child had not yet entered puberty, and was therefore definitely under the age of sixteen, an offense could not be proved using the photographs or videotapes alone. Raising the age to eighteen enables enforcement of the Act whenever the child depicted does not appear to be an adult. *See* H.R.Rep. No. 98–536, 98th Cong., 2d Sess. 7, 8, *reprinted in* 1984 U.S.Code Cong. & Admin.News 492, 498–99. Because the age of eighteen is rationally related to enforcement of the Act, defendant's equal protection argument fails.

**CONCLUSION**

Because we hold that the Child Protection Act is not governed by the *Miller* obscenity standard, that "lascivious exhibition of the genitals" is not unconstitutionally vague, and that the Act's definition of "minor" is rationally related to a legitimate governmental interest, we affirm the district court's denial of defendants' motions to dismiss the indictments.