UNITED STATES of America,
Plaintiff–Appellee,

v.

Calvin Dean REEDY,
Defendant–Appellant.

No. 86–1861.

United States Court of Appeals,
Tenth Circuit.

April 26, 1988.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Arlene Joplin, Asst. U.S. Atty., Oklahoma City, Okl. (William S. Price, U.S. Atty., with her on the briefs), for plaintiff-appellee.

Before McKAY and MOORE, Circuit Judges, and BURCIAGA, District Judge.[*]

BURCIAGA, District Judge.

Defendant was convicted on February 11, 1986, after a jury trial, of violating 18 U.S.C. § 2251(a), the Child Protection Act. Defendant appeals the district court's denial, by Order of January 31, 1986, and Amended Order of April 16, 1986, of defendant's motion to dismiss the Indictment on the grounds that 18 U.S.C. § 2251(a), was unconstitutional because of overbreadth and vagueness. 632 F.Supp. 1415. This Court finds that defendant's arguments are without merit, and the district court's Order will be affirmed.

Defendant was convicted under the Child Protection Act for the following actions proven at trial. Late in July of 1985, Shannon Christa Stone, who was eleven years old, went to spend the night with her friend, Joy Baker, who was nine years old. Joy's mother was not at home that night; but her stepfather, the defendant Calvin Dean Reedy, was there with Joy and her younger brother and sister.

During the course of the evening the defendant, having shut the boy in a bedroom, took photographs of the girls. He told them there was no film in the camera. Initially, he photographed them wearing various items from Mrs. Reedy's collection of lingerie. Later he told them to pose with their panties off. When they were nude, or wearing only garter belts and net

---

[*] Honorable Juan G. Burciaga, District Judge, United States District Court for the District of New Mexico, sitting by designation.

stockings, he arranged them in various poses for his camera, including lying on their backs, with knees up and legs spread open. The photographs taken of such poses included close-ups of the children's genitals or pubic area. Several showed only parts of the nude bodies of Shannon and Joy from the shoulders down or from the navel to the thigh. In all, the defendant took 19 such photographs of the children. [Those pictures were admitted into evidence as government's Exhs. 1-1 through 1-19.]

Defendant sent the film away for developing, whereupon the film lab employees, disturbed by the nature of the photos, notified police. Defendant had supplied a fictitious name and address to the photo lab, but was eventually caught when police staked out the store counter where the photos were to be picked up.

The defendant at trial admitted he took the photographs but stated he was angry and shocked at the children's behavior and repeatedly tried to make them stop posing. He stated he took the photographs for the sole purpose of demonstrating to Shannon's mother her daughter's bad behavior.

Defendant appeals the district court's denial of his motion to dismiss the Indictment on the grounds that the Child Protection Act is impermissibly overbroad, in violation of the first amendment, and vague, in violation of the fifth amendment.

Title 18 U.S.C. § 2251(a) provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (c), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

Title 18 U.S.C. § 2256 provides in part:

> For the purposes of this chapter, the term—

> (1) 'minor' means any person under the age of eighteen years;

> (2) 'sexually explicit conduct' means actual or simulated—

> *    *    *    *    *    *

> (E) lascivious exhibition of the genitals or pubic area of any person.

Defendant specifically contends that the prohibition against "lascivious exhibition of the genitals" is both vague and overbroad.

### Overbreadth

The overbreadth doctrine is a narrow exception to the general rule that a person cannot challenge the constitutionality of a statute as applied to third parties. *See Dombrowski v. Pfister*, 380 U.S. 479, 486, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965). Thus, while defendant's own particular conduct lies easily within the intended reach of the challenged provision, defendant contends that the statute should nevertheless be struck down due to its potential impact on the first amendment rights of others. Specifically, defendant contends that the statute sweeps beyond the unprotected activity of child pornography and impinges on both artistic and scientific works.

In *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), the court rejected an overbreadth challenge to a New York state statute which prohibited distribution of materials depicting sexual conduct by children under 16. That statute defined sexual conduct to include the "lewd" exhibition of the genitals.

In addressing the issue of overbreadth, the Supreme Court held as follows:

> We consider this the paradigmatic case of a state statute whose legitimate reach dwarfs its arguably impermissible applications. New York, as we have held, may constitutionally prohibit dissemination of material specified in § 263.15. While the reach of the statute is directed at the hard core of child pornography, the Court of Appeals was understandably concerned that some protected expression, ranging from medical textbooks to pictorials in the National Geographic would fall prey to the statute. How often, if ever, it may be necessary to

employ children to engage in conduct clearly within the reach of § 263.15 in order to produce educational, medical, or artistic works cannot be known with certainty. Yet we seriously doubt, and it has not been suggested, that these arguably impermissible applications of the statute amount to more than a tiny fraction of the materials within the statute's reach. Nor will we assume that the New York courts will widen the possibly invalid reach of the statute by giving an expansive construction to the proscription on "lewd exhibition[s] of the genitals." Under these circumstances, § 263.15 is "not substantially overbroad...."

458 U.S. at 773, 102 S.Ct. at 3363.

Subsequent to that case, the Child Protection Act which is the subject of the instant appeal was enacted. Defendant seeks to distinguish this Act from the one at issue in *Ferber* by asserting that the instant statute (1) has no requirement that prohibited materials be transported or distributed for sale; (2) has no obscenity requirement (the court in *Ferber* specifically held that prohibited materials did not need to meet the standard test for "obscenity"); (3) raises the age of protected minors from 16 to 18; and (4) changes the definition of sexual conduct to include "lascivious" as opposed to "lewd" exhibition of the genitals. This Court does not, however, agree with defendant that any of these relatively minor changes render the statute subject to overbreadth challenge, and holds that the court's ruling in *Ferber* is not distinguishable from the challenge to the statute in the instant case.

Vagueness

▉ Defendant further argues that the term "lascivious" as used in the statute is unconstitutionally vague in that it does not provide adequate warning as to the proscribed conduct, in violation of the defendant's fifth amendment right to procedural due process. The weight of authority in regard to this particular statute is, however, to the contrary. In *United States v. Freeman*, 808 F.2d 1290 (8th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987), the court rejected the identical argument that the phrase in § 2256, "lascivious exhibition of the genitals" was unconstitutionally vague. The court held:

> Hence, the question in the present case is whether the term "lascivious exhibition of the genitals" reasonably gave Freeman and Bass notice that it was illegal to video tape a sixteen year old girl, wearing nothing but a see-through orange scarf, and to zoom in for close up shots of her genitals. We fail to see how men of reasonable intelligence, guided by common understanding and practices, would believe that such conduct is permissible.

808 F.2d at 1292.

To convey adequate warning under constitutional mandates, a statute need not satisfy "impossible standards" of precision; rather, all that is required is that "the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *United States v. Petrillo*, 332 U.S. 1, 8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 (1947). Defendant's argument that the word "lascivious" is unconstitutionally vague under this standard is without merit. This Court agrees with the reasoning of the Ninth Circuit that " 'lascivious' is no different in its meaning than 'lewd,' a commonsensical term whose constitutionality was specifically upheld in *Miller v. California*, 413 U.S. 15, 25, [93 S.Ct. 2607, 2615, 37 L.Ed.2d 419] (1973), and in *Ferber*, 458 U.S. at 765 [102 S.Ct. at 3358]." *United States v. Wiegand*, 812 F.2d 1239, 1243 (9th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987).

The judgment of the district court is AFFIRMED.