**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William Joseph WOLF,
Defendant–Appellant.**

**No. 88–2701.**

United States Court of Appeals,
Tenth Circuit.

Nov. 22, 1989.

---

Teresa Black, Asst. U.S. Atty. (William S. Price, U.S. Atty., with her on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Susan M. Otto, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Before McKAY, McWILLIAMS and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

On March 8, 1988, William Joseph Wolf (Wolf) was indicted on thirteen counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251 (Supp. V 1987). Counts one through twelve were based on photographs he took of a partially nude, apparently asleep or unconscious five-year-old girl. After taking the photographs, Wolf mailed the undeveloped film from Oklahoma to Pittsburg, Pennsylvania, for processing. In the trial court Wolf challenged the constitutionality of 18 U.S.C. § 2251. After hearing evidence and argument of counsel, the trial court ruled the statute constitutional as applied. Pursuant to a plea agreement, Wolf pled guilty to count one of the indictment, reserving for appeal the issue of the constitutionality of 18

U.S.C. § 2251. On appeal Wolf contends 18 U.S.C. § 2251 is unconstitutional as applied to the photograph supporting count one. We hold 18 U.S.C. § 2251 is not unconstitutional as applied to the photograph.

## FACTS

On an evening in late December 1987,[1] Wolf went Christmas shopping with some friends who brought along their five-year-old daughter. [R. at 55.] After shopping, the girl, her parents, and her brother returned with Wolf to his apartment. [R. at 55.] Wolf asked the parents of the girl if she could spend the night with him, and they consented. [R. at 55.]

In the early morning hours of the next day, Wolf photographed his five-year-old victim as she lay on his waterbed. When he mailed the undeveloped thirty-five millimeter film to an out-of-state company for processing, Wolf sent two five-dollar bills and hand-printed instructions: "Send to W.J.W., 2421 North Sterling, Apartment 112–W, Oklahoma City, Oklahoma." The photo processing company that developed the film in Maryland recognized that the nude female was a minor and contacted the FBI. A controlled delivery of the photos was attempted by a postal inspector in a mailman's uniform. He knocked at Wolf's apartment and asked for postage due. [R. at 52.] Believing the postman was a law enforcement officer, Wolf refused to accept the package. [R. at 57.] Subsequently, the FBI obtained and executed a search warrant of Wolf's apartment. Wolf admitted to an FBI agent that he had taken the photographs of the child and mailed them interstate. [R. at 55.]

## "LASCIVIOUS EXHIBITION"

Wolf contends the trial court erred by finding the provisions of 18 U.S.C. § 2251, as further defined by 18 U.S.C. § 2256(2)(E) (Supp. V 1987), were constitutional as applied to the photograph charged

---

1. In his guilty plea, Wolf stated the actual date of the crime was December 23, 1987. [R. at 91.] The investigating agent testified Wolf originally stated the date of the photographs was December 24, 1987. The indictment charged "on or about December 24" and is not at issue in this appeal.

in count one of the indictment. 18 U.S.C. § 2251 reads in pertinent part:

> Any person ... who employs, uses, persuades, induces, entices, or coerces any minor to engage in ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

The term "sexually explicit conduct" is further defined in 18 U.S.C. § 2256, which provides, in part: " '(2) sexually explicit conduct' means actual or simulated ... (E) lascivious exhibition of the genitals or pubic area of any person...." The trial court did not err in finding these provisions constitutional as applied to the photograph charged in count one.

The photograph at issue in this appeal shows the victim lying on her back. Her head is at the top of the photo, in the background of the field. Her eyes are closed, and her head is turned slightly to the right. Her mouth is open. Her left arm crosses her chest, and her right cheek rests on the back of her left hand. Her right arm extends away from her body, right palm up. She is wearing a pink and white sleep-shirt which is pulled up above her waist, exposing the lower half of her body, which is totally nude. Her left leg extends into the foreground and is cut off in the photograph just below the knee. The victim's right leg is raised up toward the ceiling, and to the right. The right knee is not bent substantially. Her right leg is supported by pillows or other bedding. Her legs are spread apart, exposing her genital region. The primary focus of light in the photograph is the victim's geni-

tals; the victim's head and the other background is barely lit.

Wolf argues the photograph is not within the contemplation of the statute because the sleeping child is not exuding sexual suggestiveness. Therefore, he argues, the photograph is not a "lascivious exhibition of the genitals or the pubic area" under the statute.

> [T]he photograph of the sleeping, partially nude child fails to depict lust, wantonness, sexual coyness or other inappropriate precocity. In the absence of such elements, the prohibitions codified by § 2251(a), as defined in § 2256(2)(E), extend beyond constitutional limits.

Appellant's Brief at 6, 12–13. Wolf misperceives the law.

Under various constitutional challenges, the term "lascivious exhibition" under the statute has been interpreted by the courts since the inception of the legislation forming the basis for the instant charge.[2] In *United States v. Freeman*, 808 F.2d 1290, 1292 (8th Cir.), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987), the Eighth Circuit held the term "lascivious exhibition of the genitals" is not unconstitutionally vague. In so holding, the Eighth Circuit referred to the Supreme Court's decision in *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), wherein the Court distinguished the focus of obscenity laws from that of the child pornography laws. "Whereas obscenity laws are designed to protect the unwilling recipients from offensive sexual depictions, *see Miller v. California*, 413 U.S. 15, 18–19, 93 S.Ct. 2607, 2611–12, 37 L.Ed.2d 419 (1973), child pornography laws also seek to protect innocent children from sexual exploitation and its potentially permanent psychological and physical effects." *Freeman*, 808 F.2d at 1292 (citation and footnote omitted).

That same year, the Ninth Circuit wrote *United States v. Wiegand*, 812 F.2d 1239

---

**2.** The original legislation was named the Protection of Children Act of 1977. In response to the Supreme Court's decision in *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), wherein the Court recognized child pornography as a category of material outside First Amendment protection regardless of whether it was obscene under *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the Act was amended and renamed the Child Protection Act of 1984. The amendment included the substitution of "lascivious" for the term "lewd."

(9th Cir.), *cert. denied,* 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987), one of the most heavily cited cases on this issue. In *Wiegand,* the Ninth Circuit also held the statutory term "lascivious" was not unconstitutionally vague. *Id.* at 1243–44. Wiegand was indicted along with co-defendant Dost on alleged violations of 18 U.S.C. § 2251(a) and other related charges. The stipulated facts reveal that both defendants took a series of photographs of two minor females. One of the girls was fourteen years old and the other was ten years old at the time of the offenses. The defendants photographed the fourteen-year-old at Dost's residence where he had the nude girl assume various supine and sitting poses. The ten-year-old was photographed nude and sitting on a beach. *United States v. Dost,* 636 F.Supp. 828, 830 (S.D. Cal.1986), *aff'd sub nom. United States v. Wiegand,* 812 F.2d 1239 (9th Cir.), *cert. denied,* 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987), and *aff'd,* 813 F.2d 1231 (1987).

The *Dost* court found the photographs depicted "sexually explicit conduct" in that they contained a "lascivious exhibition of the genitals or pubic area" under subsection (E) of the statute. 636 F.Supp. at 833. The trial court reviewed some of the legislative history of the Child Protection Act[3] and concluded the purpose of the amendments to the Act was to broaden the scope of the existing "kiddie porn" laws to protect children from the harmful effects of sexual exploitation. *Id.* at 831. In finding the defendants guilty, the trial court listed what have come to be known as the *Dost* factors. These factors were enumerated "among any others that may be relevant in the particular case" in determining whether a visual depiction of a minor constitutes a "lascivious exhibition of the genitals or pubic area" under § 2255(2)(E) (now codified at § 2256(2)(E):

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [4]

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* at 832.

In applying its factors, the trial court conceded the photo of the ten-year-old was not as graphic as that of the fourteen-year-old and also observed the girl's expression was not sexually coy, since she was squinting and looking away from the camera. The trial court described the photograph of the ten-year-old as follows:

The ... photograph of the 10–year–old child ... portrays the child sitting on the beach, looking off to her right. She is leaning back, supporting her weight on her arms, hands resting on the sand. She is totally nude, and has some body painting on her chest. Her pelvic area appears to be slightly raised or hyperextended, and her legs are spread apart. Her right leg is fully extended at a slight outward angle. Her left leg is bent at the knee and extended almost perpendicularly away from the body. Her pubic area is completely exposed, not obscured by any shadow or body part.

636 F.Supp. at 833. In applying the factors, the court observed:

---

**3.** For a review of the legislative history of the Child Protection Act of 1984, 98 Stat. 204, see H.R.Rep. No. 536, 98th Cong., 1st Sess. 3 (1983), *reprinted in* 1984 U.S. Code Cong. & Admin. News 492.

**4.** The Ninth Circuit adopted these factors only in part, stating the factors should not be applied so as to require a showing of sexual activity or

willingness to engage in it. "The standard employed by the district court was over-generous to the defendant in implying as to the seventeen-year-old girl that the pictures would not be lascivious unless they showed sexual activity or willingness to engage in it." *Weigand,* 812 F.2d at 1244.

As for the suggestion of a willingness to engage in sexual activity, her open legs do imply such a willingness but nothing else about the child's attitude does.

What strikes the Court most strongly, however, is the unusual pose of this girl. The average 10–year–old child sitting on the beach, especially when unclothed, does not sit with her legs positioned in such a manner. This unusual pose is one that an ordinary child would not assume but for adult coaching (as was the case here). This unnatural pose combined with the picture's emphasis on the girl's genitalia leads the Court to conclude that it too constitutes a "lascivious exhibition of the genitals."

*Id.* Although Wiegand challenged on appeal the trial court's interpretation of "lascivious," the Ninth Circuit affirmed the trial court with unambiguous pronouncements.

The *Wiegand* court rejected the notion that the statute places the onus of lust on the child being photographed.

It was a lascivious exhibition because the photographer arrayed it to suit *his* peculiar *lust.* Each of the pictures featured the child photographed as a sexual object.

The district court noted the unlikelihood of the 10–year–old girl intending any sexual invitation by her pose. "Lascivious" does have such a connotation when applied to the conduct of adults. In the context of the statute applied to the conduct of children, *lasciviousness is not a characteristic of the child* photographed *but of the exhibition* which the photographer sets up for an audience that consists of himself or likeminded pedophiles.... The picture of a child "engaged in sexually explicit conduct" within the meaning of 18 U.S.C. §§ 2251 and 2252 as defined by § 2255(2)(E) is a picture of a child's sex organs displayed lasciviously—that is, so presented by the

photographer as to arouse or satisfy the sexual cravings of a voyeur.

*Wiegand,* 812 F.2d at 1244 (emphasis added). Thus, the Ninth circuit clearly stated that to violate 18 U.S.C. § 2251 the photographer need not portray the victimized child as a temptress. We agree with the Ninth Circuit's interpretation of the statutory language.

Most recently, in *United States v. Villard,* 885 F.2d 117 (3rd Cir.1989), the Third Circuit adopted the *Dost* factors, stating:

We adopt the *Dost* factors as a means of determining whether a genital exhibition is "lascivious." We do so, of course, not out of any precedential obligation, but instead because the *Dost* factors provide specific, sensible meaning to the term "lascivious," a term which is less than crystal clear. The district court in the instant case instructed the jury to consider each of the *Dost* factors, and cautioned the jury that no single factor should be given undue weight and that a depiction need not involve all the factors in order to be "lascivious." We agree with the district court's basic application of the *Dost* factors. All six factors should be presented to the jury for consideration. Although more than one factor must be present in order to establish "lasciviousness," all six factors need not be present.

*Id.* at 122 (citation omitted).[5] Thus, the Third circuit recognized the merit of the Dost factors when properly applied. We wholly agree with the Third Circuit that all six factors need not be present in order to bring the depiction under the proscription of the statute.[6]

In the instant case, the trial court measured the photograph against the *Dost* factors and concluded the photograph constituted a lascivious exhibition of the genitals and the statute at issue was not unconstitutional as applied. After citing *Dost* and *Wiegand,* the trial court found five of the six *Dost* factors:

---

**5.** We also note the First Circuit footnoted the *Dost* factors in *United States v. Nolan,* 818 F.2d 1015, 1019 n. 5 (1st Cir.1987), a case dealing with 18 U.S.C. § 2252(a)(2) (Supp. III 1985).

**6.** We do not hold that more than one *Dost* factor must be present to constitute a violation of 18 U.S.C. § 2251(a).

246

After having carefully viewed defendant's Exhibit 1 (negative six), in light of the somewhat scant authority addressing the meaning of "lascivious exhibition," the Court has no trouble finding that the photograph in issue is a "lascivious exhibition" in the meaning of 18 U.S.C. § 2256. The positioning of the child is such that the focal point of the photograph is the child's genital area. Her sleeping garment has, by some means, been elevated above the waist and the child is completely nude from the waist down. The position and elevation of the camera is such that the genital/vaginal area is emphasized and is in fact the primary subject of the picture. One of the child's legs is propped up on a pillow and the other pulled forward in a way which is not a natural sleeping position, with the obvious purpose of enhancing and depicting the child's genital area. Although there is no direct evidence on the point, the focal point of the photo, the child's young age, the emphasis of the photograph, the child's unnatural pose and inappropriate attire convince the Court the photo could hardly be taken to be anything but an attempt, however perverse, to elicit a sexual response in the viewer.

[R. I, tab 39 at 4.] In our view, the trial court correctly found the photograph to be a "lascivious exhibition" in the meaning of 18 U.S.C. § 2256. To find otherwise would ignore the obvious exploitative nature of the depiction and require the child to exhibit lust, wantonness, sexual coyness or other inappropriate precocity. Such an interpretation would pervert both the language and the logic of the legislation and the case law.

Citing *United States v. Reedy*, 845 F.2d 239, 241 (10th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1318, 103 L.Ed.2d 587 (1989), Wolf argues the law of this circuit does not follow the *Dost* factors or the language of *Wiegand* in measuring "lasciviousness." Appellant's Brief at 10. From our perspective, however, *Reedy* does not support Wolf's position.

In *Reedy*, the appellant argued the Child Protection Act, 18 U.S.C. § 2251(a), was overbroad, sweeping beyond the unprotected activity of child pornography and impinging on both artistic and scientific works in violation of the First Amendment. Further, Reedy argued the term "lascivious" as used in the statute was unconstitutionally vague in that it did not provide adequate warning as to the proscribed conduct, in violation of his Fifth Amendment right to procedural due process. 845 F.2d at 240–41. We held in *Reedy* that the overbreadth challenge to the statute was indistinguishable from that which the Supreme Court rejected in *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). Further, citing *United States v. Freeman*, 808 F.2d 1290 (8th Cir.), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987), and *Wiegand*, 812 F.2d at 1243, we held the argument that the word "lascivious" is unconstitutionally vague was "without merit." *Reedy*, 845 F.2d at 241. Thus our holding in *Reedy* is not contrary to our holding herein.

Further, our holding in *United States v. Esch*, 832 F.2d 531 (10th Cir.1987), *cert. denied*, 485 U.S. 908, 108 S.Ct. 1084, 99 L.Ed.2d 242, 485 U.S. 991, 108 S.Ct. 1299, 99 L.Ed.2d 509 (1988), is not inconsistent with our holding herein. In *Esch*, a jury found co-defendants guilty of sixteen counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a). Due to the scope of the appeal, we did not discuss the application of the term "lascivious exhibition" to the facts of the case. In determining the proper unit of prosecution, however, we stated:

Here, we conclude that the key element of the offense is the use [of] a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct. That conclusion is supported by the legislative history of the statute, which indicates that Congress intended to protect children from the abuse inherent in the production of pornographic materials.

*Id.* at 542. Although Wolf cites *Esch* in his brief, *Esch* does not support his position on appeal.

Although in resolving legal issues we are not called upon to write closing arguments, we echo the wisdom and the passion of Judge Noonan, who wrote:

> The crime punished by the statutes against the sexual exploitation of children ... is the offense against the child —... the invasion of the child's "vulnerability." [*Ferber,* 458 U.S.] at 776 [102 S.Ct. at 3364].... These harms collectively are the consequential damages that flow from the trespass against the dignity of the child.
>
> ... The pornographic photographer subordinates the humanity of his subject to the sexuality of the subject.... But whether the person is male or female, the essential operation is the same: an assault upon the humanity of the person pictured, making that person a mere means of serving the voyeur's purposes....
>
> Human dignity is offended by the pornographer. American law does not protect all human dignity; legally, an adult can consent to its diminishment. When a child is made the target of the pornographer-photographer, the statute will not suffer the insult to the human spirit, that the child should be treated as a thing.

*Wiegand,* 812 F.2d at 1245.

We hold that 18 U.S.C. § 2251(a) as further defined by 18 U.S.C. § 2256 is constitutional as applied to count number one in the indictment against Wolf. The term "lascivious exhibition of the genitals or pubic area of any person," as contained in 18 U.S.C. § 2256(2)(E), constitutionally contemplates the depiction of the victim in the instant photograph. We agree with the Ninth Circuit that, in the context of the "conduct" governed by the statute, lasciviousness is not a characteristic of the child photographed but of the exhibition that the photographer sets up for an audience that consists of himself or likeminded individuals. *Wiegand,* 812 F.2d at 1244. In order to come within 18 U.S.C. § 2256(2)(E), a sexually exploitative photograph of a child need not portray the victim in a pose that "depicts lust, wantonness, sexual coyness or other inappropriate precocity" as sug-

gested by Wolf. Such portrayal may well come within the ambit of the statute, but is not an exclusive prerequisite to a finding of guilt thereunder. The trial court did not err in applying the *Dost* factors, and we hold that not all of the *Dost* factors need be present in order for a sexually exploitative photograph of a child to come within the constitutional reach of the statute.

AFFIRMED.