**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 29, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff – Appellee,

v.

STEPHEN MILLER,

　　　　Defendant - Appellant.

No. 11-8088
(D.C. Nos. 2:10-CV-00062-ABJ and
2:07-CR-00124-ABJ-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

　　Stephen Miller was convicted, following the entry of a guilty plea, of distributing

child pornography in violation of 18 U.S.C. § 2252A(a)(2). He appealed. We affirmed.

He then filed a 28 U.S.C. § 2255 motion to vacate his sentence, alleging ineffective

assistance of counsel. He now seeks to appeal from the denial of that motion. We deny

his request for a Certificate of Appealability (COA).

　　Miller was ensnared in an online sting operation conducted by the United States

Postal Service. His trouble began when he contacted an undercover postal inspector

regarding DVDs advertised online as containing child pornography. In exchange for the

DVDs, he agreed to send the inspector hundreds of images from his own collection, many

of which contained child pornography. When investigators arrived with a search warrant, Miller admitted the conduct and told them they could find images of child pornography stored on his computer. He was right; a forensic preview of his computer's hard drive showed some 200 images of child pornography.

Miller was charged with one count of interstate distribution of child pornography and one count of possession of child pornography. The government dropped the possession count in exchange for Miller's decision to plead guilty to the distribution count. The district court sentenced Miller to 135 months imprisonment and a lifetime of supervised release. After his sentence was upheld on direct appeal, Miller filed a motion to vacate his sentence under 28 U.S.C. § 2255. He claimed his attorney provided ineffective assistance during the plea stage by failing to apprise him of potential trial defenses. As relevant here, he said he should have been informed of arguments based on the First Amendment and the entrapment defense. He also claimed he was deprived of effective assistance of counsel on direct appeal.

The court found no basis for concluding ineffective assistance of counsel had rendered the plea involuntary. The court rejected each asserted ground for deficient performance, beginning with Miller's contention that his attorney failed to inform him of an argument that the charged conduct was protected speech under the First Amendment. On this point, the court explained, the law is settled: child pornography is material outside First Amendment protection, and the Constitution presents no obstacle to criminal prohibitions aimed at eradicating it. *See New York v. Ferber*, 458 U.S. 747, 764 (1982); *United States v. Wolf*, 890 F.2d 241, 243 n. 2 (10th Cir. 1989).

Next, the court rejected Miller's argument that his attorney was ineffective for failing to inform him of a potential entrapment defense. Entrapment requires government inducement and an individual otherwise undisposed to commit the crime. *United States v. Vincent*, 611 F.3d 1246, 1249 (10th Cir. 2010); *United States v. Ortiz*, 804 F.2d 1161, 1165 (10th Cir. 1986). Miller has changed his story on collateral review and now contends, contrary to previous admissions, that the advertisement took the form of an email rather than a posting on a virtual message board. This did little to advance his cause. Even under this new account, the court concluded, entrapment would not be a viable defense because soliciting a crime—in this case by way of advertisement—does not amount to inducement. *See Vincent*, 611 F.3d at 1250 ("Evidence that the government initiated contact with the defendant, proposed the crime, or solicited or requested the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement."). How the advertisement found its way to Miller's computer is of no consequence; what matters is that the government's involvement ended with the initial solicitation. Miller was given a criminal opportunity and he took it.

Finally, the court concluded Miller had no grounds for challenging the performance of his counsel on direct appeal. Miller's claim, the court observed, amounted to general dissatisfaction with the outcome of the appeal. But the failure to obtain a favorable outcome is hardly proof of deficient performance, and without pointing to a winning argument passed over by his attorney, Miller cannot make a case for ineffective assistance on appeal. *See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (counsel has no duty to raise meritless issues on direct appeal).

A COA may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is whether a reasonable jurist could "debate whether (or, for that matter, agree that) the petition should have been resolved in different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). Neither standard was met here.

We DENY the request for a COA and DISMISS this matter.

Finding no non-frivolous basis for the appeal, the district court denied Miller's request to proceed in forma pauperis on appeal. We DENY Miller's request to proceed further without payment. Miller must pay the filing and docket fees in full to the clerk of the district court. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

**Entered by the Court:**

Terrence L. O'Brien
United States Circuit Judge