[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10601

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONATHAN HIGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cr-00020-AW-MAF-1

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Jonathan High secretly recorded two minor boys urinating in a church bathroom. He appeals his two convictions for production of child pornography, arguing that the recordings do not depict sexually explicit conduct. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Florida Department of Law Enforcement received a tip that an internet user with a certain telephone number and email address uploaded videos and images depicting sexual exploitation of minor boys to an online storage account. The department received records showing that the telephone number was associated with High's mother and High's Quality Services, the family business that employed High. A search of the online storage account uncovered numerous photos and videos of the sexual exploitation of minor boys.

Within this account, there were recordings uploaded from a cell phone rather than downloaded from the internet. Specifically, the account contained a video of a minor boy, approximately ten to eleven years old and wearing a grey polo shirt ("Minor Male 1"), standing and then urinating in a public bathroom stall. There was also a screenshot of the video at the exact instance Minor Male 1 is urinating. And there was another screenshot of another video of a different minor boy, approximately ten to eleven years old ("Minor Male 2"), urinating in the same public bathroom.

The department obtained an arrest warrant for High and arrested him at his home.  High was read his *Miranda* rights and confessed that the phone number and email address linked to the online storage account were his, the bathroom depicted in the recordings was located at his church, and Minor Male 1 attended his church.

A federal grand jury indicted High on three counts.  Count one was the production of child pornography relating to Minor Male 1. Count two was the production of child pornography relating to Minor Male 2.  Both counts were violations of 18 U.S.C. sections 2251(a) and (e).  Count three was for the possession of child pornography in violation of sections 2252A(a)(5)(B) and (b)(2).  High pleaded guilty to count three and opted for a bench trial on counts one and two.

Before trial, High stipulated that he owned the online storage account, he downloaded and stored the videos and photos of the sexual exploitation of minor boys from the internet, he owned the two cell phones, and he took the videos and screenshots of Minor Male 1 and Minor Male 2.  However, High did not stipulate that the videos and screenshots of Minor Male 1 and Minor Male 2 depicted sexually explicit conduct, leaving this single issue for the bench trial.

At the bench trial, two investigators from the department testified.  Special Agent Aida Limongi explained that High's online storage account contained numerous videos and images of the sexual exploitation of minor boys, including depictions of minor boys

performing sex acts in the bathroom. And Agent Limongi testified that High created the videos and screenshots of Minor Male 1 and Minor Male 2. Digital Forensic Consultant Lee Pierce explained that High created the screenshots of the videos of Minor Male 1 and Minor Male 2 using computer software and placed them in a separate folder with a collection of other child pornography of minor boys.

Following this testimony, the government rested, and High moved for a judgment of acquittal, arguing that he did not use Minor Male 1 and Minor Male 2 to engage in sexually explicit conduct as required by section 2251 because the boys were not exhibiting themselves in a lustful manner. The district court denied the motion, reasoning that High used the boys in sexually explicit conduct because the videos and screenshots contained a lascivious exhibition of the boys' genitals. In the district court's view, the exhibitions were lascivious because High had an interest in minor boys' genitals, he deliberately took videos of Minor Male 1 and Minor Male 2 at a time he knew their genitals would be exposed, he took screenshots of the videos at the exact time of urination, and he placed these screenshots with other images of similar child pornography.

As the factfinder, the district court found High guilty on counts one and two. High was sentenced to 264 months' imprisonment for counts one and two and 120 months for count three. High appeals the denial of his motion for judgment of acquittal.

23-10601          Opinion of the Court          5

## STANDARD OF REVIEW

We review de novo the denial of a motion for judgment of acquittal, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the factfinder's verdict. *See United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015). If "any reasonable construction of the evidence" would permit the factfinder "to find the defendant guilty beyond a reasonable doubt," we must affirm. *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (citation omitted).

## DISCUSSION

High argues that he did not use Minor Male 1 and Minor Male 2 for sexually explicit conduct as required by section 2251(a) because the recordings do not depict lascivious exhibitions of the genitals. In his view, because the recordings depict innocuous conduct, they cannot be lascivious. Thus, he contends the district court erred in denying his motion for judgment of acquittal. We disagree.

Section 2251(a) makes it unlawful to employ or use a child to engage in "sexually explicit conduct" for the purpose of producing any visual depiction of that conduct using materials that have traveled in interstate commerce. 18 U.S.C. § 2251(a). "[S]exually explicit conduct" includes the "lascivious exhibition of the genitals or pubic area of any person." *Id.* § 2256(2)(A).

A "lascivious exhibition," we have found, is one that "potentially excites sexual desires or is salacious." *United States v.*

*Grzybowicz*, 747 F.3d 1296, 1306 (11th Cir. 2014) (cleaned up). And, critically here, "a lascivious exhibition may be created by an individual who surreptitiously videos or photographs a minor and later captures or edits a depiction, even when the original depiction is one of an innocent child acting innocently." *United States v. Holmes*, 814 F.3d 1246, 1248, 1252 (11th Cir. 2016).

In *Holmes*, for example, the defendant secretly recorded nude images of his teenage stepdaughter while she used the bathroom. *Id.* at 1248. On appeal, the defendant argued that he did not produce child pornography because the images were not "lascivious" in that they depicted "mere nudity" as his stepdaughter "perform[ed] normal everyday activities." *Id.* at 1251. We rejected the defendant's argument and concluded that the images depicted "lascivious exhibition[s] of the genitals." *Id.* at 1252.

The courts, we explained, "look[] to the intent of the producer or editor of an image" to determine whether that image depicts a lascivious exhibition. *Id.* (citation omitted). The producer's intent can be discerned by looking to his conduct in producing or editing the images. *Id.* Specifically, where the producer of an image uses "freeze-framing" or zooming in on the genitals, it conveys an "intent to elicit a sexual response in the viewer." *Id.* (citing *United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999)). Thus, we held that the defendant's "placement of the cameras in the bathroom where his stepdaughter was most likely to be videoed while nude, his extensive focus on videoing and capturing images of her pubic area, the angle of the camera set up, and his editing of the

23-10601                Opinion of the Court                7

videos at issue . . . was sufficient to create a lascivious exhibition of the genitals or pubic area."[1] *Id.*

Applied here, High engaged in the "lascivious exhibition of the genitals" when he recorded, edited, and stored the images of Minor Male 1 and Minor Male 2. § 2256(2)(A). High secretly positioned a camera to record videos of the minor boys as they urinated in a bathroom. He then created screenshots of the boys when their genitals were exposed. And he stored these images and videos with other child pornography, which included other images and videos of minor boys performing sex acts in bathrooms. *See United States v. Smith*, 459 F.3d 1276, 1296 n.17 (11th Cir. 2006) ("That the

---

[1] Our court's pattern jury instruction is consistent with *Holmes*. Specifically, it instructs a jury to consider the following factors to determine whether an exhibition is lascivious:

> (1) the overall content of the material; (2) whether the focal point of the visual depiction is on the minor's genitalia or pubic area; (3) whether the setting of the visual depiction is sexually inviting or suggestive— for example, in a location or pose associated with sexual activity; (4) whether the minor appears to be displayed in an unnatural pose or in inappropriate attire; (5) whether the minor is partially clothed or nude; (6) whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and (7) whether the depiction appears to have been designed to elicit a sexual response in the viewer.

*See* 11th Cir. Crim. Pattern Jury Instructions O83.4A (numerals added). As the district court found, these factors also support a finding that the videos and screenshots High took of Minor Male 1 and Minor Male 2 were lascivious exhibitions.

photographs of the victim were found with other sexually explicit photographs could make it more likely that their purpose was to elicit a sexual response.").  Thus, the evidence, when viewed in the light most favorable to the government, was sufficient to find that High recorded the videos, and specifically made the screenshots, in order to engage in sexually explicit conduct in violation of section 2251(a).

Pushing back, High responds that *Holmes* does not apply for two reasons.  First, he argues that *Holmes* is factually distinguishable because, unlike the defendant's editing in *Holmes*, he did not use "extensive focusing" on the minor boys' genitals.  But High secretly recorded minors in a bathroom when he knew their genitals would be exposed and then edited the recording by creating screenshots of the exact moments in which their genitals were exposed.  This kind of "freeze-framing," we said, "can create an image intended to elicit a sexual response in the viewer."  *See Holmes*, 814 F.3d at 1252.

Second, High argues that the Supreme Court's decision in *United States v. Williams*, 553 U.S. 285 (2008) compels us to adopt the D.C. Circuit's decision in *United States v. Hillie*, 39 F.4th 674 (D.C. Cir. 2022), which held that videos depicting a minor merely engaged in "ordinary grooming activities" cannot fall within the definition of "lascivious exhibition of the genitals" because the "conduct depicted in the videos must consist of her displaying her anus, genitalia, or pubic area in a lustful manner that connotes the commission of a sexual act."  But *Holmes* instructed courts to look to

23-10601                Opinion of the Court                9

the intent of the producer to determine if an exhibition was lascivious, and directly rejected a requirement that the child must be depicted in a lustful manner as "[s]uch an interpretation would pervert both the language and the logic of the legislation and the case law." 814 F.3d at 1251–52 (quoting *United States v. Wolf*, 890 F.2d 241, 246 (10th Cir. 1989)). Applying *Holmes*, as we must, we conclude that the district court did not err in denying High's motion for judgment of acquittal.

**AFFIRMED.**