UNITED STATES of America,
Plaintiff(s)

v.

Harold ORTIZ–GRAULAU,
Defendant(s).

Crim. No. 05–231(JAG).

United States District Court,
D. Puerto Rico.

Nov. 2, 2005.

---

1. *See*, Motion to Join filed by codefendant VICTOR RIVERA GONZALEZ (docket No. 44) and plaintiffs' Opposition (docket No. **54**).

Jenifer Yois Hernandez–Vega, Julia Diaz–Rex, United States Attorney's Office, San Juan, PR, for Plaintiffs.

Victor J. Gonzalez–Bothwell, Federal Public Defender's Office, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On October 12, 2005, a Grand Jury sitting in this district issued a two-count superceding indictment charging defendant Harold Ortiz–Graulau ("Ortiz–Graulau") with a violation of 18 U.S.C. § 2252(a)(4)(B), to wit, possession of photographs of a minor female engaged in sexually explicit conduct and with a violation of 18 U.S.C. § 2251(a), to wit, production of photographs depicting a minor female engaged in sexually explicit conduct (Docket No. 22). On even date, Ortiz–Graulau moved to dismiss the indictment against him, arguing that the statute is unconstitutional as applied to the specific facts and circumstances of his case (Docket No. 21). On October 17, 2005, the Government opposed the motion (Docket No. 24). For the reasons discussed below, the Court **DENIES** Ortiz–Graulau's motion to dismiss.

## FACTUAL BACKGROUND

From on or about December 2004 to May 2005, Ortiz–Graulau took several photographs of a minor female later identified as SMN engaged in sexually explicit conduct. More specifically, the photographs depict SMN posing in various states of undress, completely naked, or with what appears to be an adult male's penis in her mouth. Another of the photographs depicts SMN and another minor female posing fully dressed while Ortiz–Graulau appears naked.[1] Some of the photographs, while not sexual in nature, captured cer-

---

1. There is no evidence or nor is it alleged that Ortiz–Graulau engaged in any sexual conduct with this second minor female, nor that she was photographed engaged in or in any pose indicating sexually explicit conduct.

tain characteristics of the place where they were taken, which facilitated the Government's positive identification of Ortiz–Graulau's residence.

On February 17 and again May 27, 2005, Ortiz–Graulau went to a Walgreens store located in the Municipality of San German in order to have the photographs developed. The store manager alerted the local authorities as to the existence of the photographs and subsequently helped in identifying Ortiz–Graulau as their owner. On June 8, 2005, the Government was able to identify SMN through school records, which revealed her birth date to be November 14, 1990. Accordingly, SMN was fourteen (14) years old at the time when Ortiz–Graulau took the pictures. Ortiz–Graulau was thirty-eight (38) years old at the time.

On June 23, 2005, pursuant to an arrest warrant, government agents arrested Ortiz–Graulau. While under custody, Ortiz–Graulau made several voluntary statements to the agents where he admitted (1) that he had met SMN in November 2004; (2) that he knew SMN to be fifteen [sic] years old; (3) that SMN had told him that she wanted to go out with him, but that her mother could not find out about it; (4) that he wrote SMN several letters which he personally delivered to her; (5) that SMN quit school in order to move in with him at his residence; (6) that he took the pictures of SMN with a 35mm camera; and (7) that he took the film to a Walgreens store in San German for developing. Ortiz–Graulau further admitted that he had engaged in sexual relations with

SMN and identified the second minor female depicted in one of the photographs as one of SMN's friends.

Ortiz–Graulau also gave the agents his consent to a search of his residence and vehicle. During the search of the vehicle, the agents found SMN's birth certificate and social security card. During the search of his residence, the agents found SMN along with a 35mm camera and an envelope containing photographs of SMN engaged in sexually explicit conduct.

## DISCUSSION

In his motion, Ortiz–Graulau does not deny any of the facts alleged in the indictment. In fact, he readily admits to having taken the sexually explicit photographs of SMN with the knowledge that she was a minor at the time. His attack on the indictment is premised on the fact that, at the time he took the photographs, he and SMN had been living together publicly as husband and wife,[2] although they were not legally married. Ortiz–Graulau argues that under Puerto Rico law such a relationship is valid and does not constitute criminal behavior.[3] Accordingly, because he only took photographs of his "wife", which he possessed only for personal use and which he did not intend to distribute or to profit from in any way, his prosecution under §§ 2251(a) and 2252(a)(4)(A) is unconstitutional because it infringes upon his right to intimacy in the marriage relationship.

◼ Ortiz–Graulau first raises a series of arguments under Puerto Rico law in an

---

**2.** Ortiz–Graulau claims that they had been living together for over a year. By the Court's calculations, however, this would be impossible since he claims they only met in November 2004 and a year has yet to pass since then.

**3.** Under the Puerto Rico Penal Code of 1974, which was in effect at the time Ortiz Graulau took the photographs, the age of consent was fourteen. *See* P.R. Laws Ann. 33 § 4061 (2002). However, the Penal Code of 2004, which went into effect on May 1, 2005, the age of consent was raised to sixteen. *See* Penal Code of 2004 Art. 142.

effort to establish the propriety and legality of his relationship with SMN. The Court, however, need not delve too deep into state-law matters inasmuch as Puerto Rico's definition of a minor is of no consequence in the application of the Child Protection Act (the "Act"). In *United States v. Freeman*, 808 F.2d 1290 (8th Cir.1987) the Eight Circuit rejected the argument that the Act "is unconstitutional [under the equal protection clause] because it defines 'minor' as one under eighteen years of age, whereas [state] law defines 'child' ('minor') as one under sixteen years of age." *Id.* at 1292. The Court based its reasoning on two separate grounds. First, it concluded that the state's "decision to define minor as one under the age of sixteen in no way requires the federal government to follow suit," *Id.* at 1293 (*citing Smith v. United States*, 431 U.S. 291, 307, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977)("State's right to abolish all regulation of obscene material does not create a correlative right to force the Federal Government to allow the mails or the channels of interstate or foreign commerce to be used for the purpose of sending obscene material into the permissive State")). And second, it found that by setting the bar at eighteen Congress did not violate defendant's equal protection rights because "the age of eighteen is rationally related to enforcement of the Act. . . ." *Id.* Thus, that under Puerto Rico law Ortiz–Graulau could have a relationship with SMN without incurring in criminal conduct does not preclude his prosecution under federal law for the production and possession of the sexually explicit photographs of SMN.

■ Ortiz–Graulau's privacy argument, however, requires some comment. The Supreme Court has held that married couples are entitled to privacy in the conduct of their most intimate relations. *See generally Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972)("If the right of privacy means anything, it is the right of the individual, married or single, to be free from unwarranted governmental intrusion into matters so fundamentally affecting a person as the decision whether to bear or beget a child."); *Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967)("Under our Constitution, the freedom to marry or not marry, a person of another race resides with the individual and cannot be infringed by the State."); *Skinner v. Oklahoma*, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942)("Marriage and procreation are fundamental to the very existence and survival of the race.").

Nevertheless, these judicially recognized privacy rights cannot be extended to the relationship involved in this case; that is to an adult male and a female minor cohabiting as husband and wife. Ortiz–Graulau argues that because his relationship with SMN is valid under Puerto Rico law, it should be afforded with the same rights. He argues that the First Circuit all but extended such protection in *U.S. v. Morales–de Jesus*, 372 F.3d 6 (1st Cir. 2004). In *Morales*, the First Circuit rejected the argument that because the defendant produced the visual depictions of himself engaged in sexually explicit conduct with a minor for his own gratification and did not purchase, trade, sell or barter the photographs, nor did he intend to do so, then § 2251(a) was unconstitutional as applied to him because his personal activities did not affect interstate commerce. *See Id.* at 17. In *dicta*, however, the Court went on to state that it did "not reject all possible as-applied Commerce Clause challenges to § 2251(a) and the related child pornography statutes." *Id.* at 18.

[T]here are as-applied challenges that might focus on facts other than the economic facts of the particular case.

These facts could include the age of the minor, the relationship between the defendant and the minor, the nature of the allegedly sexually explicit conduct, and the nature of the visual depiction of that conduct. In a given prosecution, some of these facts could raise constitutional privacy concerns or concerns that the conduct at issue, although covered by the language of the statute, was not within the sphere of activity identified by Congress as the basis for its exercise of power under the Commerce Clause ... Here, the legislative history of the child pornography statutes reveals that Congress exercised its Commerce Clause power because of its concern about the extensive child exploitation industry ... Accordingly, the absence of such exploitation in a given case might be relevant to the as-applied inquiry.

*Id.* (footnote and citations omitted). It is through this small window of "limited, yet-to-be-defined circumstances," *Id.* at 22, that Ortiz–Graulau intends to squeeze his privacy arguments.

The Court cannot find, however, that the relevant facts of this case fall under the limited circumstances envisioned by the *Morales* court. The first major obstacle for Ortiz–Graulau is that most of the precedent on privacy issues involved couples who were legally married, which is not the case here. *See, e.g., Loving,* 388 U.S. at 1, 87 S.Ct. 1817; *Skinner,* 316 U.S. at 535, 62 S.Ct. 1110. Although Ortiz–Graulau argues that he considered SMN to be his wife and presented her as such and that they intend to marry once he is released from custody, the fact remains that they are not a legally married couple. It may be that under Puerto Rico law Ortiz–Graulau could legally marry a fourteen year-old girl, but that would nonetheless require either (1) the explicit consent of SMN's parents, which she lacks, or (2) authorization from the Commonwealth courts, which

she also lacks. *See* P.R. Laws Ann. 31 §§ 232 & 242. Furthermore, even if their relationship could be qualified as a common-law marriage, which is created by the consent of the parties, such relationships are not recognized and are not valid under the laws of Puerto Rico. *See, e.g., Ayuso–Morales v. Secretary of Health and Human Services,* 677 F.2d 146, 147 (1st Cir. 1982); *Delgado v. Bowen,* 651 F.Supp. 1320, 1321 (D.P.R.1987). Accordingly, the Court finds that because Ortiz–Graulau's relationship with SMN is not a legally sanctioned marriage, it is not sheltered by the right to privacy afforded to married couples.

Moreover, when the First Circuit spoke of "facts [that] could raise constitutional privacy concerns," *Morales–de Jesus,* 372 F.3d at 18, it followed with a footnote citing to cases involving adults. "[T]he Supreme Court has held that states cannot regulate the private possession of *adult* obscenity, the private sexual activity of *married couples,* or the private sexual activity of other *adults.*" *Id.* at 18, n. 10 (emphasis added & citations omitted).

In this case, it is rather clear and undisputed that SMN is *not* an adult. Under the Act, an adult is defined by default as one having reached the age of eighteen. *See* 18 U.S.C. § 2256. Under Puerto Rico law, "[m]ajority begins at the age of twenty-one years," P.R. Laws Ann. 31 § 971, unless the person becomes emancipated before reaching that age by (1) a grant from the parent exercising *patria potestas,* (2) judicial decree, or (3) marriage. *See* P.R. Laws Ann. 31 § 901. Even then, however, the first and second options are restricted to those over eighteen, *Id.* at §§ 911 and 953, and the third imposes certain restrictions if the person is not yet eighteen years old, *Id.* at § 931. None of these conditions are met here. SMN is

**350**

under all relevant definitions a minor whose conduct is not entitled to the same privacy rights as that of an adult. "The state's authority over children's activities is broader than over like actions of adults." *Prince v. Massachusetts,* 321 U.S. 158, 168, 64 S.Ct. 438, 88 L.Ed. 645 (1944).

Accordingly, the Court cannot find that the protections normally afforded to the private conduct of adults can also be extended to conduct involving a minor in the factual context of this case.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Ortiz–Graulau's motion to dismiss the indictment.

IT IS SO ORDERED.