NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4631
_____

UNITED STATES OF AMERICA

v.

ENOCH SMITH,
a/k/a Dress
a/k/a Idris

ENOCH SMITH,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
E.D. Pa No. 2-12-cr-00473-001
District Judge: The Honorable Joel H. Slomsky

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 29, 2016

Before: AMBRO, SMITH[*] and FISHER, *Circuit Judges*

(Filed: October 26, 2016)
_____

OPINION[**]
_____

_____

[*] Honorable D. Brooks Smith, United States Circuit Judge for the Third Circuit, assumed Chief Judge status on October 1, 2016.
[**] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Judge*.

I.

On August 30, 2012, a grand jury returned a two-count indictment charging defendant Enoch Smith with production of child pornography in violation of 18 U.S.C. § 2251(a) (Count I), and sex trafficking of children and attempt in violation of 18 U.S.C. §§ 1591 and 1594 (Count II). On July 29, 2013, following a jury trial, Smith was found guilty on both Counts. The District Court sentenced Smith to a term of imprisonment of 360 months.

Smith timely appealed,[1] advancing three arguments. First, he avers that the District Court erred by granting the Government's motion pursuant to Federal Rule of Evidence 412 to exclude any reference to a minor victim's sexual behavior unrelated to the charged offenses. Second, Smith argues that the Government adduced insufficient evidence to support either conviction. And third, he contends that the Government committed prosecutorial misconduct. We reject each argument and will affirm the convictions.

II.

A.

Smith argues that the District Court erred when it granted the Government's motion to exclude evidence regarding unrelated sexual conduct of a minor victim,

"TH." Specifically, he claims that the truncated scope of cross-examination violated his rights under the Confrontation Clause of the Sixth Amendment. This argument is waived, and alternatively it fails on the merits.

The Government filed a pretrial motion to exclude this evidence pursuant to Federal Rule of Evidence 412.[2] Defendant did not file a response. At the hearing on pretrial motions, defense counsel stated, "I do understand that specific acts and reference to specific acts are prohibited. I will guide myself accordingly." App. 9. The District Court granted the Government's motion "subject to reconsideration . . . based upon what the witness says on the witness stand." *Id.* Defense counsel never sought reconsideration.

In sum, Smith agreed to the order that he now challenges on appeal and declined the District Court's invitation to seek reconsideration. We thus conclude that defendant's arguments as to Rule 412 are waived on account of Smith's "intentional relinquishment or abandonment of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993).

Even if Smith's objection were forfeited, not waived, he has not established

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Federal Rule of Evidence 412 provides that "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" is "not admissible in a . . . criminal proceeding involving alleged sexual misconduct," subject to limited exceptions. Fed. R. Evid. 412.

"plain error that affects substantial rights . . . ." Fed. R. Crim. P. 52(b).[3]

The Confrontation Clause is not at odds with a district court's "wide latitude . . . to impose reasonable limits on such cross-examination," including limits based on "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. John-Baptiste*, 747 F.3d 186, 211 (3d Cir. 2014) (quoting *United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005)). In this case, the District Court committed no error in exercising that latitude. Testimony as to TH's other sexual behavior would have been prejudicial and, at best, "only marginally relevant." *Id.*; *see, e.g.*, *United States v. Pumpkin Seed*, 572 F.3d 552, 560 (8th Cir. 2009) (rejecting a Confrontation Clause challenge because exclusion of evidence under Rule 412 was not "arbitrary or disproportionate to the purposes that its exclusion was designed to serve").[4]

Accordingly, the District Court did not commit plain error, or any error, in excluding evidence of a minor victim's unrelated sexual behavior pursuant to Rule 412 of the Federal Rules of Evidence.

---

[3] "[W]here there was forfeiture, we apply a plain error analysis; where there was waiver, we do not." *Gov't of Virgin Islands v. Rosa*, 399 F.3d 283, 290–91 (3d Cir. 2005) (quoting *United States v. Mitchell,* 85 F.3d 800, 807 (1st Cir. 1996)).

[4] Nor would any such error affect substantial rights. Smith has not met his burden of persuasion as to prejudice. *Olano*, 507 U.S. at 734–35. Both TH and the Government's case agent testified that TH returned to prostitution after defendant was arrested. App. 342, 429–30. Defense counsel cross-examined the case agent on that issue. App. 437–38. Thus, the jury was exposed to the very evidence that Smith claims would have affected TH's credibility.

## B.

Smith argues that the Government produced insufficient evidence at trial to support either conviction. We disagree.

"[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard is "highly deferential . . . ." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc). We "must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [our] judgment for that of the jury." *Id.* (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)).

## 1.

Smith argues that the Government failed to produce sufficient evidence to support his conviction on Count I, producing child pornography in violation of 18 U.S.C. § 2251(a). First, he claims that the Government failed to prove that he had "the intent that [TH] engage in . . . sexually explicit conduct for the purpose of producing any visual depiction . . . ." *Id.* Smith relies on the Fourth Circuit's decision in *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015), which reversed a § 2251(a) conviction because the Government failed to prove that the defendant intended the victim to engage in sexually explicit conduct for the

purpose of creating a single, deleted photograph.

*Palomino-Coronado* is distinguishable. The Fourth Circuit recognized that the Government can prove the requisite intent with circumstantial evidence, including a defendant's "descriptions of the visual depictions produced . . . ." *Id.* Such evidence was lacking in *Palomino-Coronado*, but it is not lacking here. This case involves two photographs that depict the victim in lascivious poses,[5] saved and catalogued on Smith's computer in a folder with a sexually explicit title. The photographs were discovered alongside other images of TH in lingerie taken by defendant for the purpose of advertising sexual services online, and alongside naked pictures of other women who worked for defendant. App. 423–27. Those circumstances permit a strong inference that Smith intended the sexually explicit conduct to occur for the purpose of producing the photographs. *Cf. United States v. Ortiz-Graulau*, 526 F.3d 16, 19 (1st Cir. 2008) ("This is not a case of a security camera mechanically picking up a random act.").

Second, Smith argues that the Government "failed to prove that the appellant was aware of 'TH''s age or that he recklessly disregarded factors that would reasonably lead him to conclude that 'TH' was a minor." Br. 23. This is wrong

---

[5] Smith's argument that the depictions "did not show the minor engaged in sexual conduct," Smith Br. 23, is meritless. Sexually explicit conduct is defined to include "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). A rational jury could, and did, find that the photographs depicted sexually explicit conduct under that definition. *See, e.g.*, *United States v. Rivera*, 546 F.3d 245, 250 (2d Cir. 2008).

factually and legally. As discussed below, the Government did provide sufficient evidence. But even if it had not, the statute's knowledge requirement does not extend to the age of the minor. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 77 n.5 (1994) ("[P]roducers may be convicted under § 2251(a) without proof they had knowledge of age . . . ."); *United States v. Cochran*, 17 F.3d 56, 61 (3d Cir. 1994) (noting that Congress deleted "knowingly" from an early draft of § 2251(a)). Accordingly, a rational jury could have found the essential elements of Count I beyond a reasonable doubt.

2.

The Government likewise introduced sufficient evidence to support Smith's conviction under Count II, sex trafficking of a minor and attempt in violation of 18 U.S.C. §§ 1591(b)(2) and 1594. Again, defendant argues that there was insufficient evidence that he knew or recklessly disregarded the victim's age. We disagree.

The Government correctly argues that it met its burden under 18 U.S.C. § 1591(c), which provides as follows:

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

This provision "imposes strict liability with regard to the defendant's awareness of the victim's age, thus relieving the government's usual burden to prove knowledge

6

or reckless disregard of the victim's underage status . . . ." *United States v. Robinson*, 702 F.3d 22, 26 (2d Cir. 2012).

Viewing the evidence in a light most favorable to the prosecution, a rational jury could have concluded that Smith had a "reasonable opportunity to observe" the victim. 18 U.S.C. § 1591(c). The evidence at trial demonstrates that TH moved into Smith's house, slept in his bed, and lived with him for an extended period of time. App. 317, 321.

Even if we disregarded § 1591(c), a rational jury also could have concluded that Smith was reckless as to the victim's age. TH testified that, when Smith asked her age, she provided inconsistent answers. App. 328. Smith repeatedly told her, "oh, you're young, you're so young." *Id.* TH would also hesitate when making up an age. Smith told her, "you should know the year that you're born, you know, so there's no need for you to stutter; you're too slow about it, you know." App. 344. Accordingly, a rational jury could have found the essential elements of Count II beyond a reasonable doubt.

### C.

Finally, Smith argues that the Government committed prosecutorial misconduct by eliciting prejudicial, inappropriately emotional testimony in violation of Smith's constitutional rights. We disagree.

Improper prosecutorial conduct rises to the level of constitutional error

"when the impact of the misconduct is to distract the trier of fact and thus raise doubts as to the fairness of the trial." *United States v. Morena*, 547 F.3d 191, 193–94 (3d Cir. 2008) (quoting *Marshall v. Hendricks,* 307 F.3d 36, 67 (3d Cir. 2002)). "The test for prosecutorial misconduct is whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process in light of the entire proceeding." *Id.* (internal quotation marks omitted).

Smith avers that two lines of testimony prejudiced his right to a fair trial. First, he argues that testimony as to TH's drug usage and prostitution after her involvement with defendant made the jury "feel sorry for her," bolstered her credibility, and painted defendant as a "monster" responsible for introducing TH to drugs. Br. 33. Second, Smith argues that the Government improperly elicited testimony regarding Special Agent Goodhue's efforts to enroll TH and Tatium Sheridan (another woman who worked for Smith) in a drug rehabilitation program and to commit TH to a hospital for mental health reasons. App. 429–30. According to Smith, this testimony was designed to bolster Special Agent Goodhue's credibility and paint him as a "savior." Br. 34.

Because Smith did not preserve an objection to the prosecutor's conduct or the witnesses' testimony at trial, we evaluate whether the District Court's failure to intervene *sua sponte* constitutes plain error that affects substantial rights. *See* Fed. R. Crim. P. 52(b); *United States v. Boone*, 279 F.3d 163, 174 (3d Cir. 2002).

8

We conclude that the Government did not commit prosecutorial misconduct. The Government anticipated that Smith could use TH's subsequent drug usage to undermine her credibility on cross-examination. It also anticipated that the FBI's efforts to enroll TH and Sheridan in rehabilitation programs could be used to show that those witnesses were biased in favor of its prosecution. *See United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant . . . ."). The Government elicited this testimony to draw the sting of defendant's likely cross-examination, which is a "standard and proper litigation technique." *United States v. Feldman*, 788 F.2d 544, 555 (9th Cir. 1986).

Thus, the Government did not "systematically inject[]" inadmissible or substantially prejudicial evidence. *Morena*, 547 F.3d at 194. The Government's effort to elicit the challenged testimony was not egregious misconduct rising to the level of a constitutional violation, or misconduct at all.

### III.

For the foregoing reasons, we will affirm defendant's convictions.