**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4378

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DAVID ALEXANDER BATTLE, II,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:15-cr-00274-CMH-1)

Submitted:  May 18, 2017                           Decided:  June 8, 2017

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Cadence Mertz, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Jay V. Prabhu, Assistant United States Attorney, Lauren E. Britsch, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted David Alexander Battle, II of four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) (2012); attempted coercion and enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) (2012); two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b) (2012); and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  The district court sentenced Battle to a total of 300 months of imprisonment and he now appeals.  For the reasons that follow, we affirm.

On appeal, Battle first challenges the sufficiency of the evidence to support his convictions for production of child pornography and attempted coercion of a minor to engage in illegal sexual activity, arguing that the Government failed to demonstrate that he acted with the specific intent that visual depictions be produced.  We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo.  *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006).  A defendant challenging the sufficiency of the evidence faces a heavy burden.  *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997).  In determining whether the evidence is sufficient to support a conviction, we determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Palacios*, 677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted).  Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *Id.* (internal quotation marks omitted).  Furthermore,

"[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." *Id.* (internal quotation marks omitted).

Section 2251(a) prohibits a person from persuading, inducing, or enticing any minor to engage in sexually explicit conduct, "with the intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct," if the person knows or has reason to know that the visual depiction was produced or transmitted using materials that have been transported in or affecting interstate commerce. "As the text indicates, § 2251(a) contains a specific intent element: the government was required to prove that production of a visual depiction was a purpose of engaging in the sexually explicit conduct." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). Thus, the defendant must act with the specific intent that a visual depiction be produced, while that need not be his only purpose in committing the offense. *Id.; see also United States v. Ortiz-Graulau*, 526 F.3d 16, 19 (1st Cir. 2008) (defendant need only have *a* purpose to make a visual depiction). The government may meet its burden of proving that the defendant acted with such a purpose through circumstantial evidence. *Palomino-Coronado*, 805 F.3d at 131. We have thoroughly reviewed the record and conclude that there was substantial evidence from which the jury could conclude that Battle acted with a purpose of producing visual depictions of minors engaged in sexually explicit conduct.

Battle also challenges the constitutionality of the statute, arguing that the statute is overbroad. "This court reviews a challenge to the constitutionality of a federal statute de novo." *United States v. Malloy*, 568 F.3d 166, 171 (4th Cir. 2009). "The Constitution

3

gives significant protection from overbroad laws that chill speech within the First Amendment's vast and privileged sphere." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). "[A] law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010) (internal quotation marks omitted); *see also United States v. Williams*, 553 U.S. 285, 292 (2008) ("[S]tatute's overbreadth must be *substantial*, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep.") (emphasis in original).

Battle argues that the First Amendment protects images depicting child pornography where the minor knowingly produces the images himself because the minor is not being physically abused in such a situation. We disagree. *See Malloy*, 568 F.3d at 175 (the government "may legitimately protect children from self-destructive decisions reflecting the youthful poor judgment that makes them, in the eyes of the law, beneath the age of consent") (internal quotation marks omitted); *see also Williams*, 553 U.S. at 297 (finding 18 U.S.C. § 2252A(a) (2012) not overbroad because it "criminalizes only offers to provide or requests to obtain contraband—child obscenity and child pornography involving actual children, both of which are proscribed[,] and the proscription of which is constitutional").

Battle next argues that the district court abused its discretion in refusing his proposed jury instruction on the specific intent element. "We review a district court's decision to give or refuse to give a jury instruction for abuse of discretion." *United States v. Smith*, 701 F.3d 1002, 1011 (4th Cir. 2012). We will find an abuse of discretion

4

in failing to provide an instruction to the jury where (1) the instruction was legally correct, (2) not substantially covered by the charge to the jury, and (3) dealt with a point in the trial so important that the failure to provide the instruction seriously impaired the defendant's ability to conduct a defense. *Id.* Here, the district court properly instructed the jury on the elements of a § 2251(a) offense as this court has previously stated them, including the specific intent element. *See, e.g.*, *Malloy*, 568 F.3d at 169. The court's instructions, therefore, adequately covered the proposed charge.

Battle also asserts that the district court erred in denying his motion for a new trial based on comments the prosecutor made during rebuttal argument. "We review for abuse of discretion a district court's denial of a motion for a new trial." *United States v. Chong Lam*, 677 F.3d 190, 203 (4th Cir. 2012). "A prosecutor's statements at trial constitute reversible error only if they were (1) improper and (2) prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *Id.* (internal quotation marks omitted). The factors relevant to this determination include:

> (1) the degree to which the prosecutor's remarks had a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters. We also consider (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel, and (6) whether curative instructions were given to the jury.

*Id.* at 203-04 (alteration omitted). Based on these factors, we conclude that the district court did not abuse its discretion in denying Battle's motion for a new trial.

Finally, Battle challenges the procedural and substantive reasonableness of the sentence. Specifically, Battle argues that the court failed to respond to his arguments for a sentence of the statutory mandatory minimum of 15 years of imprisonment and failed to conduct an adequate individualized assessment of his case in sentencing him. In addition, Battle contends that the below-Guidelines sentence was greater than necessary to satisfy the statutory sentencing factors identified in 18 U.S.C. § 3553(a) (2012).

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir.), *cert. denied*. 136 S. Ct. 1833 (2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *White*, 810 F.3d at 230 (internal quotation marks omitted).

In sentencing a defendant, a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). In addition, "[w]here [a party] presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those

arguments." *Id.* at 328 (internal quotation marks omitted). By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010).

When the claim is preserved, we review the issue for an abuse of discretion. *Id.* at 576, 579. If the district court abused its discretion, we will "reverse unless . . . the error was harmless;" the government bears the burden of demonstrating the harmlessness of such error. *Id.* at 576, 585. We have thoroughly reviewed the record and conclude that any error in the court's response to the parties' sentencing arguments and explanation for the sentence was harmless. Moreover, we conclude that the sentence, which was significantly below the advisory Guidelines range, is also substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

7